BILLIE JAMES BAXTER *v.* HON. KAY L. MATTHEWS, CHANCELLOR, AND WILLA A. BAXTER

5-5973                                      484 S.W. 2d 702

Opinion delivered **September** 25, 1972

*Guy Jones Jr.* and *John C. Earl,* for Petitioner.

*Howell, Price, Howell & Barron,* for Respondents.

LYLE BROWN, Justice. This is a child support case. The cause reached this court on a petition for writ of certiorari, seeking to quash a contempt citation and order of commitment against the father. A temporary stay was granted subject to the making of bond. The entire record is now before us and we dispose of the case on its merits. The only contention of petitioner, Billie James Baxter, is that the chancellor erred in failing to find that changed conditions existed that rendered him unable to comply with the support order.

The parties were intermarried in 1955. To the union were born four children who, at the time of the divorce in March 1971, were of the ages of 14, 13, 11 and 4 years. The divorce granted the wife was not contested. The decree provided for child support payments of $200 per week until May 1, 1971 and $250 per week thereafter.

In September 1971 the respondent Willa Ann Baxter filed her petition alleging non-payment of child support and asked that the father be held in contempt. At a hearing thereon the following December petitioner was found in contempt but was released on the posting of a cash bond of $2000. In response to a subsequent petition for citation the original finding of contempt was reaffirmed. At both hearings it was the defense of the father that there had been a substantial change in his financial ability to pay the amounts ordered.

Petitioner was his only witness. The evidence was directed to the claims that at the time of the first hearing he was indebted to the extent of some $90,000, approximately $40,000 of which had been reduced to judgments; that he was in a car wreck in 1970, receiving serious injuries which handicapped him in his dental practice; and that his income had been reduced approximately sixty per

cent. His evidence showed that he was delinquent in a number of installment obligations, including, of course, support payments.

Petitioner's testimony on cross-examination tended to weaken considerably his contention of change in circumstances. The car wreck from which he claimed some physical disability occurred prior to the decree of divorce. It also appears that many of the debts which he described originated prior to the decree. According to the abstract of pleadings, petitioner offered no testimony controverting the wife's petition for divorce and child support; hence it is logical to assume that he considered himself at that time capable of making the required payments. Petitioner patronizes some of the more expensive restaurants in Little Rock and "I run a liquor tab" at one of the eating places. The doctor apparently practices his profession weekly for the same length of time as most dentists. Petitioner's business records were subpoenaed. His monthly income and office expenses were tabulated for nine months in 1971. His income in excess of office expenses for that period averaged $2114 per month. In January 1972 petitioner deposited $6300 in his bank account.

Unquestionably petitioner is heavily in debt. Much of that indebtedness was accumulated for the purchase of luxuries, some of which have been replevied. Unquestionably, however, petitioner is burdened with debts for necessities, such as money borrowed for his schooling, and for office equipment. On the other hand these four children constitute a serious financial burden on the mother and certainly they must be fed, housed, clothed, and educated. It is unquestioned that during several months petitioner made no payments whatever and on one occasion when his office income grossed $6300 he paid $50.00 on his support obligation. Petitioner might have been in better standing had he been able to establish that he had in fact made substantial payments on the weekly installments; to the contrary the record shows otherwise.

The chancellor found that petitioner had been in willful disobedience of the court's order and we do not reverse such finding unless we can say that the decision

was against the preponderance of the evidence. *Ex Parte Johnston*, 221 Ark. 77, 251 S.W. 2d 1012 (1952). We do not so find.

Writ Denied.